UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------X
                               :
ISIS JOHNSON                   :     Civil No. 3:20CV00637(SALM)
                               :
v.                             :
                               :
PADIN, et al.                  :     February 24, 2022
                               :
-------------------------------X
```

### ORDER OF DISMISSAL

"If the plaintiff fails to prosecute or to comply with these rules or a court order," her case may be dismissed. Fed. R. Civ. P. 41(b). Plaintiff here has failed to prosecute and has failed to comply with Court orders. Accordingly, as set forth below, this matter is **DISMISSED**.

Self-represented plaintiff Isis Johnson filed this action on May 8, 2020, while she was incarcerated. See Doc. #1. The Court issued an Initial Review Order on August 16, 2020, permitting the case to proceed to service as to plaintiff's "Equal Protection and Free Exercise claims ... against Defendants Correction Officers Padin and John Doe 1, and Defendant Captain John Doe 2 in their individual capacities for damages." Doc. #8 at 11.

On October 7, 2020, plaintiff filed a Notice of Change of Address providing a new address at "The January Center" in Uncasville, Connecticut. Doc. #10 at 1. On December 16, 2020,

she filed another Notice of Change of Address, providing an address in Hartford. See Doc. #13. Finally, on June 3, 2021, plaintiff filed a third Notice of Change of Address, providing her current address of record in Naugatuck. See Doc. #25.

**Nothing further has been filed by plaintiff since that June 3, 2021, change of address.**

On May 17, 2021, counsel for defendants filed a motion for summary judgment. See Doc. #24. Attached to the motion was the "Notice to Self-Represented Litigant Concerning Motion for Summary Judgment" required by Local Rule 56(b). Doc. #24-10 at 1. Counsel for defendants certified that a copy of the motion and all attachments, including the Notice, was sent to plaintiff at her Hartford address, which was the address of record at the time the motion was filed. See Doc. #24-10 at 5.

On October 14, 2021, this matter was transferred to the undersigned. See Doc. #28. The undersigned entered the following Order:

> ORDER. On May 17, 2021, defendants filed a Motion for Summary Judgment. (Doc. #24). The self-represented plaintiff's response to that motion was due on or before June 7, 2021. To date, plaintiff has failed to file any response to defendants' motion.
>
> In light of plaintiff's change of address close in time to the filing of the motion, the Court will permit plaintiff an opportunity to file a response out of time.
>
> If plaintiff wishes to respond to defendants' motion, she must file a response on or before **November 15, 2021**. If plaintiff fails to file a response by that date, the

> Court will act on defendants' motion for summary judgment without her input. It is so ordered.

Doc. #29. No response was received from plaintiff. On December 13, 2021, upon reviewing the defendants' motion for summary judgment, the undersigned noted that the Notice to Self-Represented Litigant attached to the summary judgment motion "included an outdated version of Local Civil Rule 56." Doc. #30. Accordingly, the Court directed defendants to "file and serve on the self-represented plaintiff a notice that provides current versions of all applicable rules by **December 27, 2021**." Id. Defendants filed a revised copy of the Notice, and mailed it to plaintiff at her current address of record in Naugatuck. See Doc. #31.

In light of this issue, the Court sua sponte extended the deadline for plaintiff to respond to the summary judgment motion through and including January 14, 2022, and again warned plaintiff: "If plaintiff fails to file a response by that date, the Court will act on defendants' motion for summary judgment without her input, and may consider facts properly asserted by defendants to be admitted by plaintiff." Doc. #30.

Plaintiff did not respond to the motion for summary judgment.

On January 26, 2022, in light of plaintiff's continued failure to respond, the Court issued an Order to Show Cause,

requiring plaintiff to show cause why this case should not be dismissed for failure to prosecute. See Doc. #32. The Court set a response deadline of February 17, 2022. See id.

Plaintiff did not respond to the Show Cause Order.

As the Court observed in the Order to Show Cause, plaintiff has had no contact with the Court since June 3, 2021, when she filed her last Notice of Change of Address. Indeed, since the Initial Review Order was issued on August 16, 2020, the only activity in the docket by plaintiff has been a January 6, 2021, filing of a motion to amend the complaint to name two John Doe defendants, see Doc. #16, and the three change of address notices.

> The Order to Show Cause warned plaintiff:
>
> The Local Rules provide: "In civil actions in which no action has been taken by the parties for six (6) months or in which deadlines established by the Court pursuant to Rule 16 appear not to have been met, the Clerk shall give notice of proposed dismissal to counsel of record[.]" D. Conn. L. Civ. R. 41(a). The Federal Rules provide that a case may be dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). "Although not explicitly authorized by Rule 41(b), a court may dismiss a claim for failure to prosecute sua sponte." Harding v. Goord, 135 F. App'x 488, 488 (2d Cir. 2005).
>
> Plaintiff has taken no action in this case for more than six months, and has not met the deadlines established by the Court. Plaintiff is therefore **ORDERED TO SHOW CAUSE** why this case should not be dismissed.
>
> Plaintiff shall file a response to this Order on or before **February 17, 2022.** Failure to file a timely response providing a "satisfactory explanation" for

      plaintiff's failure to prosecute will result in "an order of dismissal." D. Conn. L. Civ. R. 41(a).

Doc. #32.

All Court Orders, including the Order to Show Cause, have bene mailed to plaintiff at her address of record.

> [A] district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

<u>LeSane v. Hall's Sec. Analyst, Inc.</u>, 239 F.3d 206, 209 (2d Cir. 2001) (citation and quotation marks omitted). The Court has considered all of these factors, and finds that dismissal is appropriate.

      (1) Plaintiff has failed to respond to defendants' motion for nine months. She has not responded to any of the Court's orders or reminders.

      (2) Plaintiff was expressly advised in the Order to Show Cause that failure to file a timely and satisfactory response would result in dismissal of the case. <u>See</u> Doc. #32.

      (3) Defendants are prejudiced by the inability to obtain resolution of this matter, due to plaintiff's non-responsiveness.

(4) The Court has carefully considered and weighed plaintiff's right to be heard. She elects not to exercise that right by declining to participate in this action.

(5) Lesser sanctions would be meaningless, where the sanctioned conduct is complete failure by plaintiff to respond.

Accordingly, the Court finds that plaintiff has failed to prosecute this case and has failed to comply with Court Orders. After careful consideration of the relevant factors, the Court finds dismissal is appropriate. Accordingly, this matter is hereby **DISMISSED, pursuant to Fed. R. Civ. P. 41(b)**. The Clerk shall close this case.

If plaintiff wishes to pursue this action, she may file a motion to reopen, setting forth good cause for her failures to prosecute and to comply with Court orders, and a basis for reopening the case.

It is so ordered at New Haven, Connecticut, this 24th day of February, 2022.

                                                  /s/
                                       HON. SARAH A. L. MERRIAM
                                       UNITED STATES DISTRICT JUDGE